# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TERRY LEON CLEMMONS,

       Petitioner,             :            Case No. 3:11-cv-212

                                  :            District Judge Walter Herbert Rice
       -vs-                                        Magistrate Judge Michael R. Merz

WARDEN, London Correctional Institution,

                                  :

       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Terry Leon Clemmons, is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

The Petition avers that Mr. Clemmons was convicted of felonious assault in the Montgomery County Common Pleas Court in January, 2009, and sentenced to eight years imprisonment (Petition, Doc. No. 1, ¶¶ 2, 3, 5, PageID 9). He took a direct appeal to the Montgomery County Court of Appeals raising claims that he received ineffective assistance of trial counsel regarding a motion to suppress, that the trial court erred in allowing a police officer to give hearsay testimony about a victim statement, and that the conviction was against the manifest weight of the evidence. *Id.* at ¶ 9(f), PageID 10. The court of appeals affirmed the conviction and the Ohio Supreme Court declined to exercise further jurisdiction. *Id.* at ¶¶ 9(c), 10(g)(3). On September 30, 2010, Mr. Clemmons applied to reopen his direct appeal, but the application was denied. *Id.* at ¶ 11(a). His motion for delayed appeal to the Ohio Supreme Court was also denied. *Id.* at ¶ 11(b).

Mr. Clemmons now applies to this Court for habeas corpus relief, pleading the following grounds for relief:

> **Ground One:** Trial counsel for Appellant was ineffective in his efforts to suppress of [sic] the statement given to detective Via by Appellant, violating the 6th Amendment of the United States Constitution and Article 1, Section 10, of the Ohio Constitution.
>
> **Supporting Facts:** Appellant suffered from multiple mental disorders and during the suppression hearing, there was **no** mention of any mental capacity issues.
>
> **Ground Two:** The trial court erred in allowing Officer Price to give hearsay testimony regarding a statement made to him by the victim, violating the Appellant's 6th Amendment right under the United States Constitution, and Article 1, Sections 5, 10 to the Ohio Constitution.
>
> **Supporting Facts:** The victim was under stress and drugs when Officer Price claim[s] that the victim gave him a statement; and that a phone was use[d] in the attack; anwhich [sic] there was no phone recover[ed].
>
> **Ground Three:** Appellant's conviction was against the manifest weight and insufficient weight of the evidence, violating the 5th and 6th Amendment rights under the United States Constitution and Article I, Sections 10 & 16 under the Ohio Constitution.
>
> **Supporting Facts:** The testimony made by the victim was assentially [sic] that Appellant had slapped her after she kicked him. And there was no investigation where the incident occurred.

(Petition, Doc. No. 1, PageID 13-15.)

## Analysis

Rule 4 of the Rules Governing § 2254 cases provides in pertinent part "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This Report analyzes the Petition under that standard.

## Ground One

The Montgomery County Court of Appeals considered all of the grounds Petitioner presents here on his direct appeal. Regarding what is here plead as the first ground for relief, the Court of Appeals noted that Clemmons' first trial attorney filed a motion to suppress his statement to the police, alleging he lacked the mental capacity to make a valid *Miranda* waiver. *State v. Clemmons*, 2010 Ohio 3109, ¶ 13, 2010 Ohio App. LEXIS 2605 (Ohio App. 2nd Dist. July 2, 2010)(Grady, J.). The trial court referred Clemmons for a competency evaluation and found him competent on a stipulated psychiatric report. *Id.* at ¶ 14. The court then allowed him to change attorneys and took evidence on the motion to suppress. *Id.* at ¶ 15. In the court of appeals, Petitioner alleged his new attorney was ineffective "because he failed to offer evidence showing that Defendant lacked the mental capacity to knowingly and intelligently waive his *Miranda* rights, grounds that were alleged in the motion to suppress that Attorney Lipowicz had filed." *Id.* at ¶ 16. The Court of Appeals overruled this assignment of error, concluding

> [*P18] Defendant fails to identify what evidence, if any, concerning his lack of mental capacity his attorney could or should have offered

-3-

> in order to create a reasonable probability that the court would then have granted Defendant's motion to suppress evidence. *Strickland [v. Washington,* 466 U.S. 668 (1984)]. The fact that Defendant's prior counsel alleged a lack of mental capacity in the motion to suppress he filed does not itself demonstrate that claim. Lacking that affirmative demonstration, the record does not support a finding that Defendant was prejudiced by his counsel's alleged failure. Absent resulting prejudice, ineffective assistance of counsel is not shown. *Id.*

*State v. Clemmons, supra,* ¶ 18.

When the state courts decide on the merits a federal constitutional claim later presented in habeas corpus, the federal court must defer to the state court decision unless it is contrary to or an objectively unreasonable application of clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Terry Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Brown v. Payton,* 544 U.S. 133, 134 (2005).

In this case Judge Grady for the Court of Appeals referred to the governing Supreme Court precedent, *Strickland v. Washington, supra.* In that case the Supreme Court wrote

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every

-4-

> effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

Judge Grady's application of *Strickland* is eminently reasonable: without any showing that any particular mental health evidence would have made a difference in the outcome of the motion to suppress, Petition had not shown it was ineffective assistance of trial counsel to fail to present that evidence.  Because the Court of Appeals decision was a reasonable application of *Strickland*, this Court must defer to it and should dismiss the first ground for relief with prejudice.

**Ground Two**

In his second ground for relief, Petitioner asserts the trial court violated his Sixth Amendment and Ohio constitutional rights when it allowed Dayton Police Officer Price to testify that the victim, Laura Hazlett, told him that Clemmons had broken her jaw. The statement is plainly hearsay, but was admitted at trial under the excited utterance exception to that rule. *State v. Clemmons, supra*, at ¶ 21. Mr. Clemmons had claimed on appeal that the statement, made ten minutes after the assault happened, was too remote in time to qualify under the excited utterance exception and it was therefore an abuse of discretion for the trial judge to allow it. *Id.*

The Court of Appeals treated this entirely as a question of Ohio evidence law and did not advert to either the Ohio or the federal Constitution in deciding the question. *Id.* at ¶¶ 19-28. Nor is there any indication Petitioner ever raised any constitutional question about this evidence.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506 (6th Cir. 1993); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will

not save it).  A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim." *Hicks v. Straub*, 377 F.3d 538 (6th Cir. 2004), *citing McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276, 277-78 (1971).

This Court cannot, of course, review the correctness of the Court of Appeals ruling on a question of Ohio evidence law. *Estelle v. McGuire*, 502 U.S. 62 (1991).  Nor can this Court grant relief for violation of the Ohio Constitution. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

Finally, on the merits, it appears Mr. Clemmons is attempting to raise a Confrontation Clause claim in this ground for relief by referring to the Sixth Amendment.  However, that Clause applies only when the hearsay declarant is not present for cross-examination and Ms. Hazlett testified at trial and was subject to cross-examination.  *State v. Clemmons, supra, at ¶* 37.

There is no evidence before this Court that Mr. Clemmons ever presented his second ground for relief as a federal constitutional claim to the state courts.  It is therefore procedurally defaulted and must be dismissed with prejudice.

## Ground Three

In his third ground for relief, Petitioner claims his conviction is both against the manifest weight of the evidence and based on insufficient evidence.  Only the second of these claims is grounded in the United States Constitution.

In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997), the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The   court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty.

1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31 (1982).

A state court finding that the verdict is not against the manifest weight of the evidence may implicitly also hold that there is sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761; 2007 U.S. App. LEXIS 29645; (6th Cir. Dec. 14, 2007).

This Court cannot review the manifest weight claim because it is purely a question of state law. However, the insufficient evidence claim does arise under the Fourteenth Amendment. *Jackson v. Virginia, supra.*, and the Court of Appeals decision on that question is subject to habeas review. Here is what the Court of Appeals wrote about the weight of the evidence:

> [*P36] Defendant argues that his conviction is against the manifest weight of the evidence because he did not cause serious physical harm to Hazlett. Defendant claims that there is evidence demonstrating that several of Hazlett's injuries, including the discoloration to her eye and the protective cup she wore to protect her jaw, were after-effects of her surgery. Defendant conveniently ignores the fact that Hazlett would not have undergone the surgery had Defendant not physically attacked her.

 [*P37]  The evidence presented by the State shows that Defendant's conduct caused serious physical harm to Hazlett. Hazlett testified that after Defendant hit her, she felt a snap and knew something was broken. Hazlett required reconstructive surgery to put her jaw back together. She wore a neck brace to hold her jaw in place and a protective cup on her jaw. Her jaw was wired shut for two months.

 [*P38]  When officers responded to the scene, Hazlett's face was swelling. When Detective Via spoke to Hazlett at Miami Valley Hospital the day after the assault, she was in a lot of pain, she had severe bruising to the left side of her face, was wearing a neck brace and had a metal screen taped to her cheek bone, and her mouth was wired shut. The evidence was clearly sufficient for the jury to find that Hazlett suffered serious physical harm.

 [*P39]  Regarding whether he acted "knowingly" in causing serious physical harm to Hazlett, Defendant argues that because Hazlett's jaw was very susceptible to injury as a result of previous injuries, and because he did not have specific knowledge of how little force was required to cause serious physical harm to Hazlett's jaw, he did not act knowingly. We are not persuaded by this argument.

 [*P40]  Knowingly is defined in R.C. 2901.22(B):

 [*P41]  "A person acts knowingly, regardless of his purpose, when he is aware that this conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

 [*P42]  Hazlett testified that Defendant was aware of the preexisting injuries to her face, and that as a result her jaw was weak and easily susceptible to serious injury. She added that Defendant was protective of her on other occasions, and made sure no one placed their hands on Hazlett's face when she was out in public. Being on notice that Hazlett's jaw was susceptible to serious physical  injury, Defendant was aware that his conduct would probably cause injuries that proved to be serious. Hazlett told Officer Price immediately after the assault occurred that Defendant had hit her repeatedly and also hit her with a telephone. That testimony was corroborated by Charles Reeves. Defendant admitted to Detective Via that he slapped Hazlett several times until Reeves intervened and stopped the assault. This evidence supports a finding that Defendant acted knowingly.

> [*P43] Finally, Defendant argues that even if he did knowingly cause serious physical harm to Hazlett, they were engaged in mutual physical combat when she was injured. He points out that Hazlett kicked Defendant during their confrontation. The testimony of Hazlett and Charles Reeves indicates that Hazlett kicked Defendant after he struck her, in an attempt to protect herself from Defendant's assault. The trial court instructed the jury on self-defense, but the jury obviously did not believe that Defendant acted in self-defense. Even if they were mutually engaged in a physical fight, Defendant was not justified in causing serious physical harm to Hazlett.
>
> [*P44] The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the jury here, to decide. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. The jury did not lose its way in this case simply because it chose to believe the State's version of the events, which it had a right to do.

*State v. Clemmons, supra*, ¶¶ 36-44.

The test under the Fourteenth Amendment for whether a conviction is supported by sufficient evidence is stated in *Jackson v. Virginia, supra*:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

The evidence recited by the Court of Appeals is clearly sufficient to support a conviction under Ohio Revised Code § 2903.11(A)(1). A broken jaw which must be wired shut for two months

is certainly serious physical harm.  The Petitioner and the victim were boyfriend and girlfriend, cohabiting at the place where the assault happened.  Thus a jury could reasonably credit Ms. Hazlett's testimony, corroborated by eyewitness Charles Reeves who also lived with them, that Petitioner struck Hazlett several times, including with a telephone, and that Petitioner knew of her susceptibility to serious injury to her jaw.

Petitioner's point that no telephone was introduced in evidence is immaterial.  Hazlett and Reeves both testified a telephone was used and their oral testimony did not require corroboration by introduction of physical evidence.

Nor is Petitioner's claim that he acted in response to being kicked material.  Both Hazlett and Reeves testified Hazlett's kick was after Petitioner struck her. State v. *Clemmons, supra*, ¶ 43.  The trial judge instructed on self-defense, but the jury did not accept this defense, on which, under Ohio law, the burden of proof is on the defendant.  Ohio Revised Code § 2901.05(A).

The Court of Appeals' conclusion that there was sufficient evidence to convict is based on a reasonable determination of the facts in light of the evidence presented and therefore is entitled to deference under 28 U.S.C. § 2254(d)(2).  Petitioner's third ground for relief should be dismissed with prejudice on the merits.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability. Any appeal would be objectively frivolous and this Court should so certify to the Sixth Circuit.

June 20, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).